RAGER v. WIERENGO.

1. CUSTOMS AND USAGES—APPLICATION FOR BUILDING PERMIT.
   Practice of building contractors of naming a low cost in application for building permit, instead of the correct amount, is not commended.

2. CONTRACTS—BUILDINGS—APPLICATION FOR BUILDING PERMIT—EVIDENCE.
   Amount stated in application for building permit, signed and sworn to by plaintiff contractor, *held,* not binding on him in action for balance due under oral building contract, notwithstanding plaintiff admitted it was a practice of builders to name a low cost in such application.

3. SAME—PAYMENT—INSCRIPTION ON CHECK—BUILDINGS.
   Inscription on ninth check that it was "last payment on new house" was not binding on plaintiff building contractor who claimed not to have noticed the inscription, where defendant owner admitted there were extras to pay for.

---

REFERENCES FOR POINTS IN HEADNOTES
[3] 7 Am Jur, Bills and Notes, §§ 53, 74.
[3] Writing on the margin or on the back of a bill or a note at the time of its execution as a part thereof. 13 ALR 251.

4. APPEAL AND ERROR—GREAT WEIGHT OF EVIDENCE—BUILDING CON-
     TRACTS.

> Verdict for plaintiff building contractor amounting to slightly
> more than the difference between what plaintiff had paid and
> the usual cost of a house when figured at $10 per square foot
> *held,* not against the great weight of the evidence presented
> in action for balance due under oral contract for erection of
> a house.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted April 11, 1951. (Docket No. 54, Calendar No. 45,088.) Decided May 14, 1951.

Assumpsit by Clark Rager against John Wierengo for money due. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Street & Sorensen,* for plaintiff.

*George A. Parmenter* and *Henry L. Wierengo,* for defendant.

BUTZEL, J.   Clark Rager, plaintiff, brought suit against John Wierengo, defendant, and recovered a judgment of $3,490.54 and costs on the *quantum meruit* count in the declaration. The sole questions presented on appeal are whether the verdict was contrary to the great weight of the evidence and, if so, should the trial court have granted a new trial. No questions of law are involved.

Wierengo approached the plaintiff, a builder, and told him that he wanted a large two-bedroom house and garage built on a lot in Muskegon, Michigan. The plan for the house had been taken from a book of plans and modified slightly. At the outset the parties spoke of a cost of $10 or $11 per square foot. The plans called for an area in excess of 1600 square feet, and the plaintiff quoted an estimated price of $17,000 to $17,500. Defendant then requested time

to submit the plans to a friend, one Vanderstelt, a builder. Wierengo misrepresented to Vanderstelt that Rager had made a bid of $13,000. Vanderstelt said, "If I were you, I would get an attorney, a good attorney, and get a contract drawed up, * * * because the man could never built it for that." Vanderstelt offered to build the house for $17,600.

There is a sharp conflict in testimony as to what transpired when the parties next met. It is agreed that the defendant told Rager that Vanderstelt had submitted a bid of $14,000. The defendant's version is that after negotiations, the plaintiff agreed to build the house for $13,700. The plaintiff testified that he told the defendant that it would be impossible to build the desired house for $14,000, that a builder would lose money at that figure. Experienced builders from the Muskegon area testified as to the truth of the assertion in regard to the cost. Plaintiff testified that no exact price for the house was set, that defendant said, "You build the house and I will pay whatever it costs." The defendant asked the plaintiff to keep the costs down. Plaintiff claims that he worked on the job personally and charged by the hour for his services, keeping a record of his time. His wages, when computed on an hourly basis amounted to $1,100 to $1,200. No written contract was ever drawn up and no final price was ever agreed to.

The determination of this controversy depends entirely on how much weight is given to the testimony of the parties. Defendant argues that 3 facts demonstrate that the plaintiff's testimony is not worthy of belief.

Plaintiff in his application for a building permit, signed and sworn by him, stated that the cost would be $14,000. Plaintiff testified that it was the custom of all contractors to name a very low cost, usually one-half, instead of the correct amount. This claim

is not controverted. We do not commend the practice. The jury believed plaintiff.

Defendant paid plaintiff by a series of checks, each bearing upon its face in the upper lefthand corner the number of the check. The first check had written on it: "No. 1 Payment on new House." In numerical order 8 checks for payments were issued, and the ninth check bears the inscription: "Last payment on new house." Plaintiff testified that he did not notice these words in the upper lefthand corner. Moreover, the check was not the last payment. Defendant admitted that there were extras to pay for. The inscription was not binding on the plaintiff, although it might have some evidentiary value.

Defendant finally claims that plaintiff told his employees to hurry up on the job because he was losing money on the house. Plaintiff stated that he usually made this statement to the men working on a house in order to speed them up.

Plaintiff calls attention to defendant's misrepresentations both to Vanderstelt and himself in regard to the bids.

The verdict of the jury amounted to slightly more than the difference between what was paid to the plaintiff and the usual cost of a house when figured at $10 per square foot. At most, the case presents a conflict in testimony, and the jury resolved it in plaintiff's favor. We cannot say that the verdict was against the great weight of the evidence.

The trial court was correct in denying the motion for a new trial. Costs to appellee.

REID, C. J., and BOYLES, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.